PÉREZ HERMANOS *v.* OLIVER ET AL.

APPEAL from the District Court of Mayagüez.

No. 26.—Decided November 26, 1906.

ALLEGATIONS—AMENDED COMPLAINT—STRIKE OUTS.—It is not error for the court to refuse to consider a verbal motion to strike out an amended complaint

filed after defendant's demurrer, because such a motion should be made in writing.

Id.—District courts have a wide discretion in regard to the presentation of allegations, and sections 139 and 140 of the Code of Civil Procedure warrant the action of the court in denying the motion to strike out the amended complaint referred to in the foregoing paragraph.

Id.—The rule invoked by the defendant in this case for the motion to strike out the amended complaint (rule 7 of the district courts) is not applicable to those cases in which the complaint is voluntarily amended, but to those cases only wherein a demurrer is sustained.

Id.—DEFENDANT IN DEFAULT—RIGHT TO APPEAR AND BE HEARD.—Where a defendant is in default and the court orders the trial to be had because of the necessity to prove some fact, the defendant has a right to appear and be · heard, and may file a general demurrer alleging a want of à cause of action, or introduce evidence in regard to the fact or facts to be proved and make arguments upon the same.

Id.—APPEAL.—A general demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action may be presented for the first time before the appellate court.

RECORD OF POSSESSION—THIRD PARTY—DEMURRER.—It is alleged in the complaint in this case that Pozo sold to Oliver a part of the property mortgaged by the former in favor of the plaintiff whose mortgage was not' recorded in the registry; that Oliver brought proceedings to obtain a possessory title and recorded the same in the registry of property, concealing from the court the fact that the property was mortgaged in favor of the plaintiff; and it was prayed that the property recorded by Oliver be declared encumbered by plaintiff's mortgage: *Held*, That the complaint does not state a cause of action, as it does not allege a conspiracy by Oliver and Pozo to defraud the plaintiff, and that the allegation to the effect that Oliver concealed from the court the fact that the property was mortgaged is not equivalent to an imputation of knowledge of the encumbrance on the part of Oliver; that the record of possession in this case must prejudice the plaintiff, and that the sale by Pozo to Oliver is valid.

The facts are stated in the opinion.

Mr. *Manuel F. Rossy* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of Mayagüez. The complaint sets up:

1. That by notarial deed bearing date of December 18, 1897, Francisco del Pozo admitted that he owed the complainants $24,000 in provincial money, which was to be paid in four years in equal installments, with interest at the rate of 1 per cent per month on the last three installments.

2. That to secure the debt Pozo executed a mortgage on two pieces of property with the following boundaries:

"A property consisting of one hundred *cuerdas,* with a dwelling house and outbuildings, situated in the ward of "Leguisamos" and "Río Cañas Abajo" of Mayagüez, bounded on the north by lands of Fernando Martell, on the south by Manuel Natalio Valentín and Manuel Santiago, on the east by Manuel de Santiago and José López, and on the west by Domingo Más and Santiago Pérez; another property consisting of seven to eight *cuerdas* in coffee, bananas, cane and pasture, with a dwelling house, situated in the ward of "Mayagüez arriba," bounded on the north by the road to Las Marías and a lot belonging to José Narciso Peña, on the east by Juan Antonio Albert, Jr., José Pecunia and the river Mayagüez, on the south by lands of Juan Esteban Peña, and on the west by Juan Rivera."

3. That these two farms were the property of the debtor by purchase from Diego García Rebolledo, according to the deed of the 14th of March, 1894, before Notary Riera, as described in the mortgage deed.

4. That this mortgage could not be recorded in the register of property in the first instance because the two farms were not recorded in anybody's name, and subsequently (some years later) because they seemed to be recorded in the name of a person other than the debtor.

5. That seven years later, namely, in 1901, Fernando Oliver, Pozo's son-in-law, filed in the District Court of Mayagüez a possessory proceeding, the object of which was a farm situated in the wards of Leguisamos and Río Cañas Abajo, containing 76 *cuerdas,* and bounded as follows:

"On the north by la Sucesión Trabal, represented by the widow, Mrs. Elena Rivera and Don Anacleto Pérez, on the south by Manuel Natalio Valentín and Manuel Santiago, on the east by Manuel Santiago, and on the west by Domingo Más and Santiago Pérez; it having been shown later that the same was bounded in the following manner: On the north by the Sucesión Trabal, represented by his widow, Elena Rivera, and Anacleto Pérez; on the south by Carmen Valentín, daughter of Manuel Natalio Valentín, and Leocadio Santiago, successor of

Juan Angel Santiago; on the east by Leocadio de Santiago; and on the west by Domingo Más and Anacleto Pérez, son of Don Santiago Pérez.''

That Oliver represented that Pozo had acquired said farm about seven years before, more or less, from Diego García, without being able to find the title of acquisition, and that he had acquired the same from Pozo.

6. That this farm, the object of the possessory proceeding, is a part of the 100 *cuerdas* mortgaged by the deed of the 18th of December, 1897.

7. That it was false that Pozo could not easily have found the title of acquisition, for that title was spread upon the books of Notary Riera, whence Oliver or Pozo could have obtained the necessary title, the proof of which was that Pozo brought the same title to the registrar of property for the record of another farm.

8. That in the possessory proceeding the fact that the farm of 100 *cuerdas* was affected by the mortgage from Pozo to Pérez Hermanos was concealed from the court.

9. That neither Pozo nor Oliver paid the installments of the mortgage which have been due and owing since 1899.

10. That the debt amounted to $1,440, equal to $2,400 provincial money, and the accrued interest.

11. That according to the basis established by the mortgage, the 100 *cuerdas* were to answer for $2,000 provincial money, making $1,200 in gold, and interest on the amount, and consequently the farms, the subject of the possessory proceeding which is a part thereof, will have to answer in its entirety to the mortgage on the property from which it was segregated.

The prayer of the complaint was that the court should declare that the farm of 76 *cuerdas* should be made subject to the mortgage therefor described, and that the mortgage should be registered in the mortgage register along with the deed of the 18th of December, 1897, and that Oliver should

be adjudged to pay the sum of $2,000 and interest, it being understood that the farm, the object of the mortgage, was responsible for that sum.   To this complaint the defendant Oliver demurred, setting up: .

1. That the complaint was defective.

2. That there were too many parties defendant.

3. That the complainant did not show sufficient facts to constitute a cause of action.

The special grounds of this demurrer were various, and the court set the 2d of October, 1905, for hearing the demurrer, but on the 16th of the same month the complainant amended his complaint in the following manner: Repeating the facts thereof as heretofore set forth, and praying that the farm of 76 *cuerdas* should be declared to be subject to the mortgage with respect to the $2,000 and interest, and that this mortgage should be registered in the register of property along with the copy of the deed of December 18, 1897. Thereupon the defendant Oliver asked that the amendment be stricken out, because the amended complaint set forth a new cause of action, not included in the original complaint, and because the former was made thirty-five days after the demurrer to the original complaint without permission of the court, and without agreement of the parties giving time to the complainant to amend, and as a legal ground alleged the rule of court, according to which an amendment should be presented one day after the filing of the demurrer.

The court refused to hear an oral motion and the defendant excepted, and at the hearing the defendant maintained the ground of his demurrer already set up, and on the 6th of November the court decided that the complainant had the right to amend his complaint with the permission of the court before the answer and. the presentation of exceptions, and afterward also, but before the question of law was decided as happened in this case, and that the demurrer of the defendant was ineffective because the complaint had been amended and no demurrer had

been filed thereto. On the 10th of November Oliver filed a motion asking the cancellation of the amended complaint for the same reasons assigned in his oral petition, and because the original complaint was a mortgage action and the amended complaint was one for the recognition, validity and inscription of the mortgage. On the 25th of November the court refused to order the cancellation for the same reasons as expressed before, and because the amended complaint did not violate any essential right of the defendant. The defendant excepted. Subsequently the defendant was declared in default, and the case was set for the 21st of December, 1905. At the trial proof was made of the various facts set up in the complaint, and the attorney for Oliver, alleging that he also represented Pozo, maintained that the court lacked jurisdiction of this matter, and that the complaint did not contain sufficient facts to constitute a cause of action. The court decided that the defendant being in default he had no right to be heard. The defendant took exception. Various objections were made to the admission of the deeds presented by the complainant, and the court refused to admit any of the evidence of the defendant, or to hear his arguments.

The question that first presents itself for decision is whether the court erred in refusing to strike out the amended complaint. We think the court properly decided that the demurrer having been filed and the amended answer thereto presented, that the motion to strike out the amended complaint should have been presented in writing. (See Rule IV of the district court.) The trial court has, moreover, a very wide discretion as to how and when pleadings may be filed, and the authority given by sections 139 and 140 of the Code of Civil Procedure amply justifies the action of the court in refusing to strike out the amended complaint. The rule of the district court referred to by appellant only covers the case of a demurrer to a pleading being sustained and has no application to a case where a party voluntarily amends.

The court declared the defendant in default. It would then appear from the view that the court took of the case that the amended complaint would have been sufficient to sustain the judgment of the court without requiring a trial and proof. If the court had so entered judgment against the defendant, he would, under section 109 of the Code of Civil Procedure, still have the right in this court to allege that the complaint did not set up a cause of action. It appears, however, that the court ordered a trial, as it had a right to do, under section 194, if there was any fact to be found. The defendant, by filing a general demurrer to the original complaint had made an appearance in court. If a trial was necessary, we think that the defendant had a right to be heard at that trial; and if any argument was to be made upon the proof, or before judgment, he had a right to be heard.

In any event, the objection that the complaint does not state a cause of action may be properly considered by this court. (See case of *José Caldas and others* v. *Castiñeira,* decision bearing date March 20, 1906, and *Foster* v. *Wilson,* American and English Encyclopedia of Law, Vol. I, page 625, note 2.)

It is to be noticed that in the amended complaint there is no prayer for the cancellation of the possessory proceeding instituted by Oliver, nor the nullity or rescission of the contract of purchase and sale of the same farm from Pozo to Oliver. The complaint sets up that the fact that the farm of 100 acres was affected by the mortgage from Pozo to Pérez Hermanos was concealed from the court. We do not think that this averment is tantamount to charging a knowledge on the part of Oliver that the land bought by him from Pozo was affected by a mortgage, or that he and Oliver conspired together to defraud the complainant of his rights. The complaint admits that Oliver in his possessory proceeding had the farm inscribed in the name of Pozo, and that subsequently he inscribed his own deed from the said Pozo.

Under these circumstances it would seem that the inscriptions so made are valid in law, and that section 17 of the Mortgage Law would prevent us from ordering the inscription in the registry of property of the mortgage described in the complaint.

In its opinion the court below said:

"That the possessory title in this case is not a transferable title of possession, but merely declarative of such possession, and although duly recorded, such record of possession cannot prejudice a third party, inasmuch as such inscription produces no effects other than those which the law attributes to mere possession, which are the means of acquiring a dominion title by prescription, but in nowise gives origin to the rights which arise from a record of dominion; that this being so clear and evident no opposition can be based on the provisions of sections 17 and 20 of the Mortgage Law now in force to prevent the inscription of the mortgage constituted on the said parcel of land, specially when the instrument constituting the same contains no defect which would prevent the inscription."

This reasoning would be entirely applicable if Pozo were still the owner of the property, or any collusion between Pozo and Oliver had been charged and shown. Section 394 enacts that entries of possession shall prejudice third persons from the date of their record only with regard to effects which the law attributes to mere possession. In the case at bar, however, we have not only a possessory proceeding, but a deed from Pozo to Oliver. In the absence of any showing of fraud, and in the absence of any prayer to the effect, or in the absence of any showing why the deed from Pozo to Oliver should be cancelled or rescinded, the latter under the Mortgage Law must be held to be good.

Don Fernando Oliver is not a party to the mortgage from Pozo to Pérez Hermanos, and even though he is the son-in-law of Pozo, nevertheless he is entitled under article 27 to be considered as a third person until the contrary is shown.

Under these circumstances it becomes evident that the complaint does not set forth a cause of action, and the judg-

ment appealed from must be reversed, and the case sent back to the District Court of Mayagüez, with instructions to dismiss the complaint without prejudice.

*Decided accordingly.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.